UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:23-cv-00394-JHM

MICHAEL LAWRENCE KNIGHTS                                                    PETITIONER

v.

SCOTT JORDAN, WARDEN                                                        RESPONDENT

**MEMORANDUM OPINION AND ORDER**

Petitioner Michael Lawrence Knights filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [DN 1] and paid the $5.00 filing fee. The petition is currently before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Court will direct Petitioner to show cause why his petition should not be dismissed for failure to comply with the applicable statute of limitations.

**I.**

According to the petition and its attachments, Petitioner pleaded guilty in Jefferson Circuit Court to two counts of murder, two counts of tampering with physical evidence, one count of first-degree robbery, and one count of first-degree burglary. He was sentenced on November 20, 2009, to life imprisonment without the possibility of parole for 25 years, and he did not file an appeal.

On August 17, 2012, Petitioner filed a post-conviction RCr 11.42 motion to vacate his judgment in the state trial court based upon ineffective assistance of counsel. The Jefferson Circuit Court denied the petition on November 25, 2014, finding his guilty plea was entered knowingly, intelligently, and voluntarily. On December 9, 2014, Petitioner appealed that order. On March 14, 2016, his appeal was dismissed for failure to timely file a brief. [DN 1-2 at 2–3].

On July 24, 2020, Petitioner filed a CR 60.02 motion in the state trial court to amend his prison sentence alleging that his sentence resulted from an involuntary, unknowing, unintelligent guilty plea that counsel coerced him into and that he should have undergone a psychological evaluation. On August 5, 2020, the trial court denied Petitioner's motion. [DN 1-2 at 3]. Petitioner appealed this decision to the Kentucky Court of Appeals which affirmed the dismissal of the CR 60.02 motion on August 5, 2022. [*Id.* at 4].

Petitioner filed the instant § 2254 petition on July 25, 2023.[1]

## II.

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of that Act apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)).

>(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, § 2254(1)(A) applies, and the limitation period runs from the date on which Petitioner's judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  Because Petitioner was sentenced on November 20, 2009, and did not file a direct appeal, his conviction became final on December 21, 2009,[2] at the expiration of the thirty-day period during which he could have filed a direct appeal.  *See* Ky. R. Crim. P. 12.04(3) ("The time within which an appeal may be taken shall be thirty (30) days after the date of entry of the judgment or order from which it is taken.").  The limitations period, therefore, expired one year later on December 21, 2010.  Because Petitioner did not file the instant § 2254 petition until well over twelve years later on July 25, 2023, the action is time-barred unless there was "a properly filed application for State post-conviction or other collateral review" pending during that period.  28 U.S.C. § 2244(d)(2).  As detailed above, Petitioner did not file a post-conviction motion until August 17, 2012, over a year and half beyond the statutory one-year limitations period, and the filing of that motion did not restart the one-year period for filing a § 2254 petition.  *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet

---

[2] Actually, the 30-day period ended on December 20, 2011.  However, that date was a Sunday so finality occurred on Monday, December 21, 2009.  *See* Ky. R. Civ. P. 6.01.

fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.") (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

Because § 2254's one-year statute of limitations is not jurisdictional, *see Day v. McDonough*, 547 U.S. 198, 205 (2006), it is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A claim of actual innocence may also justify equitable tolling in certain circumstances. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000). "The petitioner bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494–95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)). Here, Petitioner cites to no circumstances warranting equitable tolling.

However, before dismissing the action on statute-of-limitations grounds, the Court will provide Petitioner with an opportunity to respond. *See Day*, 547 U.S. at 210.

### III.

**IT IS THEREFORE ORDERED** that within **thirty (30) days** from entry of this Order, Petitioner must show cause why the § 2254 petition for writ of habeas corpus should not be denied and the action dismissed as barred by the applicable one-year statute of limitations.

**Petitioner is WARNED that his failure to respond within the time allotted will result in dismissal of the action for the reasons set forth herein.**

Date: November 22, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Petitioner, *pro se*
4414.014