UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 3:23-CV-00394-JHM**

**MICHAEL LAWRENCE KNIGHTS**                                    **PETITIONER**

**v.**

**SCOTT JORDAN, WARDEN**                                         **RESPONDENT**

**<u>MEMORANDUM OPINION</u>**

Petitioner Michael Lawrence Knights initiated this 28 U.S.C. § 2254 habeas corpus action [DN 1] and paid the $5.00 filing fee.  The Court reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review, the Court directed Knights to show cause why the petition should not be dismissed as barred by the applicable one-year statute of limitations.  [DN 9].  Knights filed his response to the Show Cause Order.  [DN 11].  For the reasons set forth below, the Court will deny the petition for writ of habeas corpus as untimely.

**I.**

According to the petition and its attachments, Petitioner pleaded guilty in Jefferson Circuit Court to two counts of murder, two counts of tampering with physical evidence, one count of first-degree robbery, and one count of first-degree burglary.  He was sentenced on November 20, 2009, to life imprisonment without the possibility of parole for 25 years.  He did not file an appeal.

On August 17, 2012, Petitioner filed a post-conviction RCr 11.42 motion to vacate his judgment in the state trial court based upon ineffective assistance of counsel.  The Jefferson Circuit Court denied the petition on November 25, 2014, finding his guilty plea was entered knowingly,

intelligently, and voluntarily.  On December 9, 2014, Petitioner appealed that order.  On March 14, 2016, his appeal was dismissed for failure to timely file a brief.  [DN 1-2 at 2–3].

On July 24, 2020, Petitioner filed a CR 60.02 motion in the state trial court to amend his prison sentence alleging that his sentence resulted from an involuntary, unknowing, unintelligent guilty plea that counsel coerced him into and that he should have undergone a psychological evaluation.  On August 5, 2020, the trial court denied Petitioner's motion.  [DN 1-2 at 3].  Petitioner appealed this decision to the Kentucky Court of Appeals which affirmed the dismissal of the CR 60.02 motion on August 5, 2022.  [*Id.* at 4].

Petitioner filed the instant § 2254 petition on July 25, 2023.[1]

## II.

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of that Act apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000).  The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody.  The statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1]  "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)).

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, § 2254(1)(A) applies, and the limitation period runs from the date on which Petitioner's judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  Because Petitioner was sentenced on November 20, 2009, and did not file a direct appeal, his conviction became final on December 21, 2009,[2] at the expiration of the thirty-day period during which he could have filed a direct appeal.  *See* Ky. R. Crim. P. 12.04(3) ("The time within which an appeal may be taken shall be thirty (30) days after the date of entry of the judgment or order from which it is taken.").  The limitations period, therefore, expired one year later on December 21, 2010.  Because Petitioner did not file the instant § 2254 petition until well over twelve years later on July 25, 2023, the action is time-barred unless there was "a properly filed application for State post-conviction or other collateral review" pending during that period. 28 U.S.C. § 2244(d)(2).  As detailed above, Petitioner did not file a post-conviction motion until August 17, 2012, over a year and half beyond the statutory one-year limitations period, and the filing of that motion did not restart the one-year period for filing a § 2254 petition.  *See Vroman v.*

---

[2] Actually, the 30-day period ended on December 20, 2011.  However, that date was a Sunday so finality occurred on Monday, December 21, 2009.  *See* Ky. R. Civ. P. 6.01.

3

*Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.") (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

However, because § 2254's one-year statute of limitations is not jurisdictional, *see Day v. McDonough*, 547 U.S. 198, 205 (2006), it is subject to equitable tolling.  *See Holland v. Florida*, 560 U.S. 631, 645 (2010).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  A claim of actual innocence may also justify equitable tolling in certain circumstances.  *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005).  "Absent compelling equitable considerations, a court should not extend limitations by even a single day."  *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000).  "The petitioner bears the burden of demonstrating that he is entitled to equitable tolling."  *McClendon v. Sherman*, 329 F.3d 490, 494–95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

Before dismissing the action as time-barred, the Court provided Knights with an opportunity to show cause why he is entitled to equitable tolling.  *See Day v. McDonough*, 547 U.S. 198, 210 (2006).  In Knights' response to the Show Cause Order, he argues that he is entitled to equitable tolling because he was "unaware that there were time limits at any stage in any legal proceedings."  [DN 11 at 2].  Knights argues that it would be unfair to penalize him for not having the proper knowledge of law, rules of court, caselaw, and any other information counsel or legal aid would possess.  [*Id.*].

It is well-settled that a petitioner's *pro se* status and his lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse his late filing of the petition. *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012); *see also Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) (recognizing that ignorance of the law alone does not warrant equitable tolling); *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (same); *Price v. Jamrog*, 79 F. App'x 110, 112 (6th Cir. 2003) (recognizing that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing"); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (concluding that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . ., there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer"); *United States v. Aydelott*, 5:13CR-31-TBR, 2017 WL 5894226, *2–3 (W.D. Ky. Nov. 29, 2017) (lack of knowledge of federal law does not excuse prompt filing).  Therefore, Knights has failed to establish that equitable tolling is warranted in this case.

For these reasons, the Court concludes that this action is untimely and will dismiss this action.

## III.

An individual who unsuccessfully moves to vacate, set aside or correct his sentence pursuant to § 2254 and subsequently seeks appellate review must secure a Certificate of Appealability ("COA") from either "a circuit justice or judge" before the appellate court may review the appeal.  28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b).  A district court must issue or deny a certificate of appealability and can do so even though the movant has yet to make a request for such a certificate.  *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

When a district court denies a petition on procedural grounds without addressing the merits of the motion, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon consideration, the Court is satisfied that no jurists of reason would find debatable whether it is correct in its procedural ruling that the § 2254 petition is untimely.  Thus, no certificate of appealability is warranted in this case.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:   December 19, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Petitioner, *pro se*
4414.014